UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN P. MANNING,

    Petitioner,

v.                                                      Civil Action No. 1:17cv182
                                                          (Judge Kleeh)

S. KALLIS, Warden,

    Respondent.

### REPORT AND RECOMMENDATION

### I. Introduction

On October 27, 2017, the *pro se* petitioner, an inmate then-incarcerated at FCI Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his career offender sentence. ECF No. 1. Along with his petition, Manning filed motions to exceed the page limits[2] and to proceed as a pauper. ECF Nos. 2, 3. The Clerk of Court issued a Notice of Deficient Pleading. ECF No. 5. By Order entered October 30, Manning's unsigned petition and motion to proceed as a pauper were noted and he was directed to refile signed copies of the same. ECF No. 6. Later that day, Manning filed signed copies of both. ECF Nos. 7, 8, 9.

By separate Orders entered October 31, 2017, Manning was granted permission to proceed as a pauper but directed to pay the five dollar filing fee; permission to exceed the page limits; and the October 30, 2017 Order directing Manning to refile signed copies of his

---

[1] Petitioner is presently incarcerated at FCI Coleman Medium, in Coleman, Florida.

[2] Attached to Petitioner's motion to exceed the page limits was a 28-page double-spaced typewritten memorandum of law in support of his petition.

petition and motion to proceed as a pauper was vacated. ECF No. 10, 11, 13. The memorandum in law attached to Manning's motion to exceed the page limits was docketed separately the same day. ECF No. 12. On November 1, 2017, Manning paid the requisite fee. ECF No. 20. On September 21, 2018, Manning filed a Supplement to his § 2241 petition, or Alternatively, for the Court to Take Notice of the Government's Recent Brief in Lester. ECF No. 25.  By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 26. On January 9, 2019, Manning filed a Motion for the Court to Take Notice of Lester v. Fluornoy; by Order entered April 11, 2019, the motion was denied. ECF Nos. 27, 30.

The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II. Background[3]

On May 24, 2012, Petitioner was named in a seven-count indictment charging him in Count One with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; in Count Two with money laundering - narcotics, in violation of 21 U.S.C. §§ 846 and 841, 18 U.S.C. §§ 19569(a)(1)(B)(i) and 1956(h); and in Count Three

---

[3] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket in the United States District Court for the Western District of Virginia, available on PACER and all ECF Numbers are from that case. See United States v. Little, et al., 7:12cr42-MFU-3. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

with money laundering – interstate commerce, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). ECF No. 3.

On February 11, 2013, pursuant to a written plea agreement [ECF No. 257], Petitioner pled guilty to Count Two and a lesser included offense as to Count One: specifically, conspiracy to distribute more than 100 kilograms of marijuana. ECF No. 256.

At a July 10, 2013 sentencing hearing, Manning was categorized as a career offender and sentenced to 188 months imprisonment on each of Counts One and Two, to run concurrent, and 5 years supervised release on Count One, with 3 years supervised release on Count Two, to run concurrent.  ECF No. 372.

On July 29, 2013, Manning filed a Notice of Appeal. ECF No. 382. On appeal, Manning challenged his categorization as a career offender.  On April 3, 2014, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the decision of the district court. ECF No. 421. On October 6, 2014, Manning's petition for writ of *certiorari* was denied.  See United States v. Manning, (4th Cir. ECF No. 42)(13-4556).  ECF No. 42.

On March 23, 2015, Manning filed a motion to reduce his sentence pursuant to Amendment 782 of the USSG. ECF No. 456 By Order entered May 28, 2015, the motion was denied; Manning was found ineligible for sentence reduction because his total offense level and resulting custody range were produced by the career offender guideline, which was unaffected by Amendment 782. ECF No. 462.

On August 24, 2015, Manning filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 470. Counsel was appointed. ECF No. 472. On June 14, 2016, Manning filed

an Amended Motion to Vacate, arguing that under <u>Johnson</u>,[4] he was not a career offender. ECF No. 502.  On April 4, 2017, after <u>Beckles</u>[5] was decided, through counsel, Manning moved to voluntarily dismiss his motion to vacate. ECF No. 537. By Order entered April 5, 2017, the motion to vacate was dismissed. ECF No. 537.

### III. <u>The Petition</u>

In his petition, Manning argues that under <u>Mathis</u>,[6] he is no longer a career offender, because his New Jersey theft conviction is no longer qualifies as a predicate conviction. ECF No. 7 at 5. Further, he argues, neither of his predicate convictions qualify any longer for purposes of career offender enhancement.[7] ECF No. 2 at 4.

As relief, Manning seeks to have his career offender sentence vacated and to be resentenced. ECF No. 7 at 8. He contends that his remedy by way of § 2255 is inadequate because "<u>Mathis</u> is a substantive ruling that is categorically retroactive[.]" <u>Id.</u> at 9.

### IV. <u>Standard of Review</u>

#### A. <u>Review of Petitions for Relief</u>

---

[4] <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015)(holding that the "residual clause" of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.).

[5] <u>Beckles v. United States</u>, 137 S.Ct. 886 (2017)(holding that USSG § 4B1.2(a)(2)'s residual clause is not unconstitutional because the Sentencing Guidelines "are not amendable to a vagueness challenge.").

[6] <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016). In <u>Mathis</u>, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 924(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990), and thus did not qualify as a crime of violence under the ACCA.

[7] Manning was convicted in 2010 in Virginia state court of possessing with the intent to distribute a controlled substance, and in 1997, in New Jersey state court, of theft pursuant to New Jersey Code section 2C:20-3(a), the umbrella provision for theft. See <u>United States v. Manning</u>, 564 Fed. Appx. 723, 724 (4th Cir. Apr. 3, 2014).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. *Pro Se* Litigants

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. However, the law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re

Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

Nonetheless, § 2255(e) does provide a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added); see also United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely . . . because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333 - 34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to

his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 F.App'x. 268 (4th Cir. 2014).

## V. Analysis

Although Petitioner raises the savings clause, he is not entitled to its application. As previously noted, Manning's sentence was based on the guidelines applicable to career offenders.[8] Because Manning is challenging his sentence, he must meet all four prongs of the

---

[8] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.

Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Manning met the first, second,[9] and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[10] undoubtedly

---

[9] Manning contends that pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to Manning's argument, district courts in this Circuit and elsewhere have held that Mathis does *not* represent a substantive change in the law. See, *e.g.*, Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D. Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv- 347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were – just the facts ,which ACCA(so we have held, over and over) does not care about.

136 S.Ct. at 2557.

In short, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W.Va. Feb. 16, 2018), *report and recommendation adopted*, No. CV 1:17-03730, 2018 WL 1404279 (S.D. W.Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactively applicable on collateral review, so Walker cannot proceed under § 2241).

[10] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration

would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Manning was sentenced in 2013 under the post-Booker advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Manning cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 7] be **DISMISSED without prejudice**.

---

and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner at his last known address as reflected on the docket.

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

**DATED:** August 5, 2020.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

11